TOMIO B. NARITA (SBN 156576)
tnarita@snllp.com
JEFFREY A. TOPOR (SBN 195545)
jtopor@snllp.com
JENNIFER L. YAZDI (SBN 301868)
jyazdi@snllp.com
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:  (415) 352-2625

Attorneys for Defendants
Portfolio Recovery Associates, LLC,
Hunt & Henriques, Michael Scott Hunt, and
Janalie Ann Henriques

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILLIAM CIGANEK, JR., on behalf
of himself and all others similarly
situated,

      Plaintiff,

      v.

PORTFOLIO RECOVERY
ASSOCIATES, LLC, a Delaware
limited liability company; HUNT &
HENRIQUES, a general partnership;
MICHAEL SCOTT HUNT,
individually and in his official
capacity; and JANALIE ANN
HENRIQUES, individually and in her
official capacity;

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.: 5:15-cv-03837-LHK

**ANSWER TO COMPLAINT**

Defendants PORTFOLIO RECOVERY ASSOCIATES, LLC, HUNT& HENRIQUES, MICHAEL SCOTT HUNT, and JANALIE ANN HENRIQUES, ("Defendants") hereby submit the following Answer to the Complaint filed in this action by plaintiff WILLIAM CIGANEK, JR. ("Plaintiff"):

1.      In answering Paragraph 1 of the Complaint, Defendants aver that the contents of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") are self-explanatory.  Defendants deny any wrongdoing and deny that Plaintiff is entitled to any of the relief requested.  Except as herein admitted, the remaining allegations of Paragraph 1 are denied.

2.      In answering Paragraph 2 of the Complaint, Defendants admit that Plaintiff alleges that subject matter jurisdiction arises under 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k(d), and that Plaintiff claims that declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.  Except as herein admitted, the remaining allegations of Paragraph 2 are denied.

3.      Denied.

4.      In answering Paragraph 4 of the Complaint, Defendants admit that Plaintiff alleges that venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b) and 15 U.S.C. § 1692k(d).  Except as herein admitted, the remaining allegations of Paragraph 4 are denied.

5.      In answering Paragraph 5 of the Complaint, Defendants admit that Plaintiff alleges that this lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit allegedly occurred in Santa Clara County.  Except as herein admitted, the remaining allegations of Paragraph 5 are denied.

6.      In answering Paragraph 6 of the Complaint, Defendants admit that Plaintiff is a natural person.  Defendants lack knowledge or information sufficient to form a belief as to whether the financial obligations referenced by the Complaint were incurred primarily for personal, family or household purposes, and on that

1  basis, deny that Plaintiff, and each member of the purported class, is a "consumer" as

2  that term is defined by 15 U.S.C. § 1692a(3).  Except as herein admitted, the

3  remaining allegations of Paragraph 6 are denied.

4        7.     In answering Paragraph 7 of the Complaint, Defendant Portfolio

5  Recovery Associates, LLC ("PRA") admits that it is a Delaware limited liability

6  company corporation and that it maintains a facility at 120 Corporate Boulevard,

7  Suite 100, Norfolk, Virginia 23502 and that it may be served as Portfolio Recovery

8  Associates, LLC, c/o National Registered Agents, Inc., 160 Greentree Drive, Suite

9  101, Dover, Delaware 19904.  Defendant PRA admits that it has, at times, engaged in

10  the collection of outstanding financial obligations, however, Defendant PRA lacks

11  knowledge or information sufficient to form a belief as to whether the financial

12  obligations at issue in this action were incurred primarily for personal, family or

13  household purposes, and on that basis, Defendant PRA denies that it is a "debt

14  collector" as that term is defined by 15 U.S.C. § 1692a(6).  Except as herein

15  admitted, the remaining allegations of Paragraph 7 are denied.

16        8.     In answering Paragraph 8 of the Complaint, Defendant Hunt &

17  Henriques ("H&H") admits that it is a general partnership and that it maintains an

18  office at 151 Bernal Road, Suite 8, San Jose, California 95119 and that it may be

19  served as Hunt & Henriques, c/o Michael Scott Hunt, General Partner, 151 Bernal

20  Road, Suite 8, San Jose, California 95119.  Defendant H&H  admits that it has, at

21  times, engaged in the collection of outstanding financial obligations, however,

22  Defendant H&H lacks knowledge or information sufficient to form a belief as to

23  whether the financial obligations at issue in this action were incurred primarily for

24  personal, family or household purposes, and on that basis, Defendant H&H denies

25  that it is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).  Except as

26  herein admitted, the remaining allegations of Paragraph 8 are denied.

27        9.     In answering Paragraph 9 of the Complaint, Defendant Michael Scott

28

Hunt ("Hunt") admits that he is a natural person, a licensed attorney in the state of California, and a general partner of H&H, and that he may be served as Michael Scott Hunt, Hunt & Henriques, 151 Bernal Road, Suite 8, San Jose, California 95119.  Defendant Hunt admits that he has, at times, engaged in the collection of outstanding financial obligations, however, Defendant Hunt lacks knowledge or information sufficient to form a belief as to whether the financial obligations at issue in this action were incurred primarily for personal, family or household purposes, and on that basis, Defendant Hunt denies that he is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).  Except as herein admitted, the remaining allegations of Paragraph 9 are denied.

10.     In answering Paragraph 10 of the Complaint, Defendant Janalie Ann Henriques ("Henriques") admits that she is a natural person, a licensed attorney in the state of California, and a general partner of H&H, and that she may be served as Janalie Ann Henriques, Hunt & Henriques, 151 Bernal Road, Suite 8, San Jose, California 95119.  Defendant Henriques admits that she has, at times, engaged in the collection of outstanding financial obligations, however, Defendant Henriques lacks knowledge or information sufficient to form a belief as to whether the financial obligations at issue in this action were incurred primarily for personal, family or household purposes, and on that basis, Defendant Henriques denies that she is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).  Except as herein admitted, the remaining allegations of Paragraph 10 are denied.

11.     Denied.

12.     In answering Paragraph 12 of the Complaint, Defendants admit that Plaintiff incurred a financial obligation to GE Capital Retail Bank/General Electric Capital Corp/Care Credit.  Defendants lack sufficient knowledge or information to form a belief as to the truth of whether Plaintiff's financial obligation was incurred primarily for personal, family or household purposes, and on that basis, Defendants

deny that it is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).  Except as herein admitted, the remaining allegations of Paragraph 12 are denied.

13.    In answering Paragraph 13 of the Complaint, Defendants admit that Defendant PRA acquired Plaintiff's outstanding financial obligation, and that GE Capital Retail Bank/General Electric Capital Corp/Care Credit thereafter retained no interest in Plaintiff's account.  Defendants lack sufficient knowledge or information to form a belief as to the truth of whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes, and on that basis, Defendants deny that it is a "debt" as that term is defined by 15 U.S.C. § 1692a(5). Except as herein admitted, the remaining allegations of Paragraph 13 are denied.

14.    In answering Paragraph 14 of the Complaint, Defendants admit that PRA retained H&H for the purposes of collecting Plaintiff's outstanding financial obligation.  Defendants lack sufficient knowledge or information to form a belief as to the truth of whether Plaintiff's financial obligation was incurred primarily for personal, family or household purposes, and on that basis, Defendants deny that it is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).  Except as herein admitted, the remaining allegations of Paragraph 14 are denied.

15.    In answering Paragraph 15 of the Complaint, Defendants admit that a complaint was filed against Plaintiff in the Superior Court of California, Santa Clara County captioned *Portfolio Recovery Associates, LLC v. William Ciganek Jr.*, Case No. 1-15-CV-278630, and that its contents are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 15 are denied.

16.    In answering Paragraph 16 of the Complaint, Defendants aver that the Declaration of Plaintiff in Lieu of Personal Testimony at Trial (CCP § 98) ("Declaration") was served and that its contents are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 16 are denied.

17.    In answering Paragraph 17 of the Complaint, Defendants admit that

H&H prepared the Declaration, and that Maria Marin, a PRA employee, signed it on behalf of PRA.  Except as herein admitted, the remaining allegations of Paragraph 17 are denied.

18.   Denied.

19.   In answering Paragraph 19 of the Complaint, Defendants aver that the Declaration and its contents are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 19 are denied.

20.   In answering Paragraph 20 of the Complaint, Defendants aver that the contents of the Clerk's Notice of Scheduled Trial Date are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 20 are denied.

21.   Denied.

22.   In answering Paragraph 22 of the Complaint, Defendants aver that California Code of Civil Procedure § 98 and its contents are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 22 are denied.

23.   Admit.

24.   Admit.

25.   In answering Paragraph 25 of the Complaint, Defendants deny that the Declaration was invalid and deny the remaining allegations of Paragraph 25.

26.   In answering Paragraph 26 of the Complaint, Defendants deny that the Declaration was invalid and deny the remaining allegations of Paragraph 26.

27.   Denied.

28.   Denied.

29.   Denied.

30.   Defendants deny that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and therefore deny the allegations of Paragraph 30 of the Complaint.

31.   Defendants deny that there is any legitimate basis under Rule 23 of the

1 Federal Rules of Civil Procedure to certify a class in this case, and therefore deny the
2 allegations of Paragraph 31 of the Complaint.

3     32.    Defendants deny that there is any legitimate basis under Rule 23 of the
4 Federal Rules of Civil Procedure to certify a class in this case, and therefore deny the
5 allegations of Paragraph 32 of the Complaint.

6     33.    Defendants deny that there is any legitimate basis under Rule 23 of the
7 Federal Rules of Civil Procedure to certify a class in this case, and therefore deny the
8 allegations of Paragraph 33 of the Complaint.

9     34.    Defendants deny that there is any legitimate basis under Rule 23 of the
10 Federal Rules of Civil Procedure to certify a class in this case, and therefore deny the
11 allegations of Paragraph 34 of the Complaint.

12     35.    Defendants deny that there is any legitimate basis under Rule 23 of the
13 Federal Rules of Civil Procedure to certify a class in this case, and therefore deny the
14 allegations of Paragraph 35 of the Complaint.

15     36.    Defendants deny that there is any legitimate basis under Rule 23 of the
16 Federal Rules of Civil Procedure to certify a class in this case, and therefore deny the
17 allegations of Paragraph 36 of the Complaint.

18     37.    Defendants deny that there is any legitimate basis under Rule 23 of the
19 Federal Rules of Civil Procedure to certify a class in this case, and therefore deny the
20 allegations of Paragraph 37 of the Complaint.

21     38.    Defendants deny that there is any legitimate basis under Rule 23 of the
22 Federal Rules of Civil Procedure to certify a class in this case, and therefore deny the
23 allegations of Paragraph 38 of the Complaint.

24     39.    Defendants deny that there is any legitimate basis under Rule 23 of the
25 Federal Rules of Civil Procedure to certify a class in this case, and therefore deny the
26 allegations of Paragraph 39 of the Complaint.

27     40.    Defendants deny that there is any legitimate basis under Rule 23 of the

28

1   Federal Rules of Civil Procedure to certify a class in this case, and therefore deny the

2   allegations of Paragraph 40 of the Complaint.

3       41.     Defendants deny that there is any legitimate basis under Rule 23 of the

4   Federal Rules of Civil Procedure to certify a class in this case, and therefore deny the

5   allegations of Paragraph 41 of the Complaint.

6       42.     Defendants deny that there is any legitimate basis under Rule 23 of the

7   Federal Rules of Civil Procedure to certify a class in this case, and therefore deny the

8   allegations of Paragraph 42 of the Complaint.

9       43.     Defendants deny that there is any legitimate basis under Rule 23 of the

10  Federal Rules of Civil Procedure to certify a class in this case, and therefore deny the

11  allegations of Paragraph 43 of the Complaint.

12      44.     Defendants deny that there is any legitimate basis under Rule 23 of the

13  Federal Rules of Civil Procedure to certify a class in this case, and therefore deny the

14  allegations of Paragraph 44 of the Complaint.

15      45.     Defendants deny that there is any legitimate basis under Rule 23 of the

16  Federal Rules of Civil Procedure to certify a class in this case, and therefore deny the

17  allegations of Paragraph 45 of the Complaint.

18      46.     Defendants incorporate by reference paragraphs 1 through 45 of this

19  Answer as if fully stated herein.

20      47.     In answering Paragraph 47 of the Complaint, Defendants lack sufficient

21  knowledge or information to form a belief as to the truth of whether the financial

22  obligation was incurred primarily for personal, family or household purposes, and on

23  that basis, Defendants deny that Plaintiff is a "consumer" as that term is defined by

24  15 U.S.C. § 1692a(3).  Except as herein admitted, the remaining allegations of

25  Paragraph 47 are denied.

26      48.     In answering Paragraph 48 of the Complaint, Defendants lack sufficient

27  knowledge or information to form a belief as to the truth of whether the financial

28  obligation was incurred primarily for personal, family or household purposes, and on

that basis, Defendant PRA denies that it is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).  Except as herein admitted, the remaining allegations of Paragraph 48 are denied.

49.    In answering Paragraph 49 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of whether the financial obligation was incurred primarily for personal, family or household purposes, and on that basis, Defendant H&H denies that it is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).  Except as herein admitted, the remaining allegations of Paragraph 49 are denied.

50.    In answering Paragraph 50 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of whether the financial obligation was incurred primarily for personal, family or household purposes, and on that basis, Defendant Hunt denies that he is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).  Except as herein admitted, the remaining allegations of Paragraph 50 are denied.

51.    In answering Paragraph 51 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of whether the financial obligation was incurred primarily for personal, family or household purposes, and on that basis, Defendant Henriques denies that she is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).  Except as herein admitted, the remaining allegations of Paragraph 51 are denied.

52.    In answering Paragraph 52 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of whether the financial obligation at issue was incurred primarily for personal, family or household purposes, and on that basis, Defendants deny that it is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).  Except as herein admitted, the remaining allegations of Paragraph 52 are denied.

53.    Denied.

54.    Denied.

55.    Denied.

**AFFIRMATIVE DEFENSES**

As and for separate affirmative defenses to the Complaint, Defendant alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

**(Bona Fide Error)**

To the extent that the Court determines that any of Defendants' alleged acts or omissions were false, deceptive, misleading or otherwise violated the FDCPA with respect to Plaintiff and any purported class member, which Defendants expressly deny, said acts or omissions were not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendants of procedures reasonably adapted to avoid false, deceptive, misleading  or other violations of the FDCPA.  Based upon Defendants' present understanding of the allegations made in Plaintiff's complaint, these procedures include, but are not limited to, review and analysis of state statutes and state procedural law, review and analysis of related state case law, collaborating with clients, attorneys and with attorney colleagues regarding the implications of state law, attending continuing legal education programs on procedural and collection-related topics, interacting with courts on matters of procedure and state law, and interacting with and relying on the advice of outside counsel with respect to the meaning of state law.

**SECOND AFFIRMATIVE DEFENSE**

**(No Wilful Conduct)**

To the extent that a trier of fact or this Court determines that the conduct of Defendants violates the FDCPA, which Defendants expressly deny, Defendants acted in good faith at all times in their dealings with Plaintiff and the members of the purported members of the class, and if any conduct by Defendants is found to be

1  unlawful, such conduct was not willful or intentional and should not give rise to

2  liability for any statutory damages under section 1692k of the FDCPA. *See, e.g.,*

3  *Jerman v. Carlisle*, 2011 WL 1434679 (N.D. Ohio Apr. 14, 2011).

4

5                              **THIRD AFFIRMATIVE DEFENSE**

6                                    **(First Amendment)**

7         Defendants' alleged conduct involves their right to petition and is thus

8  protected under the First Amendment of the United States Constitution.  Plaintiff's

9  proposed interpretation of provisions of the FDCPA must be rejected as it would

10  place an unreasonable restraint upon Defendants' First Amendment rights, thereby

11  raising serious constitutional issues.  A "cardinal principle" of statutory construction

12  is that "where an otherwise acceptable construction of a statute would raise serious

13  constitutional problems, the Court will construe the statute to avoid such problems

14  unless such construction is plainly contrary to the intent of Congress."  *Edward J.*

15  *DeBartolo Corp. v. Florida Gulf Coast Bldg. & Const. Trades Council*, 485 U.S.

16  568, 575 (1988) (*citing N.L.R.B. v. Catholic Bishop of Chicago*, 440 U.S. 490, 499-

17  501, 504 (1979)).  This rule – often described as the "canon of constitutional

18  avoidance" – is a "a tool for choosing between competing plausible interpretations of

19  a statutory text, resting on the reasonable presumption that Congress did not intend

20  the alternative which raises serious constitutional doubts."  *Clark v. Martinez*, 543

21  U.S. 371, 381 (2005).

22         A related rule of statutory construction is the *Noerr-Pennington* doctrine,

23  which requires courts to construe federal statutes in a manner that avoids burdening

24  the protections afforded by the First Amendment's right to petition.  *See Eastern R.R.*

25  *Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 1227 (1961); *United*

26  *Mine Workers v. Pennington*, 381 U.S. 657 (1965).  The doctrine "derives from the

27  First Amendment's guarantee of 'the right of the people . . . to petition the

28  Government for a redress of grievances'" and provides that "those who petition any

1   department of the government for redress are generally immune from statutory

2   liability for their petitioning conduct."  *Sosa v. DIRECTV, Inc*., 437 F.3d 923, 929

3   (9th Cir. 2006) (internal citations omitted).

4         Although it was originally applied exclusively within the antitrust context, the

5   *Noerr-Pennington* doctrine has been expanded to apply with equal force to any

6   federal statute.  *See id.* at 931 (" . . . the *Noerr-Pennington* doctrine stands for a

7   generic rule of statutory construction, applicable to any statutory interpretation that

8   could implicate the rights protected by the Petition Clause.") (internal citation

9   omitted).  As the Ninth Circuit has observed: "Under the *Noerr-Pennington* rule of

10  statutory construction, we must construe federal statutes so as to avoid burdening

11  conduct that implicates the protections afforded by the Petition Clause unless the

12  statute clearly provides otherwise.  We will not "lightly impute to Congress an intent

13  to invade . . . freedoms" protected by the Petition Clause."  *Id.* (citations and footnote

14  omitted).

### FOURTH AFFIRMATIVE DEFENSE

### (Arbitration)

17        The unpaid financial obligation at issue was incurred on Plaintiff's GE Capital

18  Retail Bank/General Electrical Capital Corp/Care Credit account.  Defendants are

19  informed and believe and based thereon allege that the agreement governing that

20  account provides for binding arbitration of any disputes arising from the account, and

21  that the scope of the arbitration provision is broad enough to include claims brought

22  against any purchaser of the account or any person or entity retained to collect any

23  unpaid balance owed on the account.   As a result, Defendants are informed and

24  believe and based thereon allege that the Plaintiff's claims against them are subject to

25  binding arbitration.

26  //

27  //

28  //

WHEREFORE, Defendants request judgment as follows:

1. That Plaintiff take nothing by the Complaint, which should be dismissed with prejudice.

2. That Defendants recover from Plaintiff costs according to proof.

3. That Defendants recover attorneys' fees according to proof.

4. That the Court orders such other further reasonable relief as the Court may deem just and proper.

DATED: November 18, 2015                    SIMMONDS & NARITA LLP
                                            TOMIO B. NARITA
                                            JEFFREY A. TOPOR
                                            JENNIFER L. YAZDI


                                     By:    /s/Jeffrey A. Topor
                                            Jeffrey A. Topor
                                            Attorneys for Defendants
                                            Portfolio Recovery Associates, LLC,
                                            Hunt & Henriques, Michael Scott Hunt,
                                            and Janalie Ann Henriques