UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM CIGANEK,<br><br>        Plaintiff,<br><br>    v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC, et al.,<br><br>        Defendants. | Case No. 15-CV-03837-LHK<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 42 |

        Plaintiff William Ciganek, Jr., brings this putative class action case for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* ECF No. 1.  Defendants Portfolio Recovery Associates, LLC ("PRA"); Hunt & Henriques ("H&H"); Michael Scott Hunt; and Janalie Ann Henriques (collectively, "Defendants") have filed a motion for summary judgment.  ECF No. 42 ("Mot.").  Pursuant to Civil Local Rule 7-1(b), the Court finds oral argument unnecessary to the resolution of this dispute and VACATES the hearing set for June 9, 2016.  Having considered the parties' papers, the relevant law, and the record in this case, the Court GRANTS Defendants' motion for summary judgment.  The Court VACATES the case management conference set for June 9, 2016.

## I. BACKGROUND

### A. Factual Background

This case concerns Defendants' alleged failure to comply with Cal. Civ. Proc. Code § 98, which provides in relevant part:

> A party may, in lieu of presenting direct testimony, offer the prepared testimony of relevant witnesses in the form of affidavits or declarations under penalty of perjury. The prepared testimony may include, but need not be limited to, the opinions of expert witnesses, and testimony which authenticates documentary evidence. To the extent the contents of the prepared testimony would have been admissible were the witness to testify orally thereto, the prepared testimony shall be received as evidence in the case, provided that either of the following applies:
>
> (a) A copy has been served on the party against whom it is offered at least 30 days prior to the trial, together with a current address of the affiant that is within 150 miles of the place of trial, and the affiant is available for service of process at that place for a reasonable period of time, during the 20 days immediately prior to trial.
>
> (b) The statement is in the form of all or part of a deposition in the case, and the party against whom it is offered had an opportunity to participate in the deposition.

Defendants do not dispute the relevant facts in this case as set forth in the Complaint, ECF No. 1 ("Compl."). *See* Mot. at 2-3.

On an unspecified date, Plaintiff William Ciganek, Jr., opened a consumer credit account with GE Capital Retail Bank/General Electric Capital Corp/Care Credit. Compl. ¶ 12. Plaintiff subsequently defaulted on his consumer credit account, and the defaulted debt was "sold, assigned, or otherwise transferred" to PRA. *Id.* ¶ 13. PRA then placed the debt with H&H for collection. *Id.* ¶ 14.

In March 2015, Defendants, seeking to collect the defaulted consumer debt from Plaintiff, filed a lawsuit against Plaintiff in the Superior Court of California, Santa Clara County (the "state court litigation"). *Id.* ¶ 15. On July 22, 2015, Defendants sent Plaintiff a document titled "Declaration of Plaintiff [in the state court litigation] in Lieu of Personal Testimony at Trial (CPP § 98)" (the "Marin Declaration"). *Id.* ¶ 16, Ex. 1. The Marin Declaration described Plaintiff's unpaid credit account and was signed by PRA employee Maria Marin. *Id.* ¶ 17, Ex. 1. The final paragraph of the Marin Declaration states, "Pursuant to CCP § 98 this affiant is available for

2

service of process: c/o Hunt & Henriques, 151 Bernal Road, Suite 8, San Jose, CA 95119 for a reasonable period of time, during the twenty days immediately prior to trial." *Id.* ¶ 19, Ex. 1. The provided address was not Marin's residential or work address. *See id.* ¶¶ 23-24; ECF No. 42-1 ("Hunt Decl.") ¶ 5. Nevertheless, H&H was authorized to accept service of process on Marin's behalf at the provided address. Compl., Ex. 1; Hunt Decl. ¶¶ 5-6. Plaintiff alleges that Marin lived more than 150 miles from the location of the trial courthouse, and Defendants do not dispute this allegation. *See* Compl. ¶¶ 23-24; Mot. at 2-3. Plaintiff did not attempt to effect service of process of any document on Marin as part of the state court litigation. *See* ECF No. 42-5 ("Narita Decl."), Ex. A at 2:15-4:26 (Plaintiff's responses to Defendants' Requests for Admission, admitting that no attempt at serving Marin was made).

**B. Procedural History**

Plaintiff filed this putative class action lawsuit on August 21, 2015. Compl. On October 20, 2015, the Court ordered the case related to *Meza v. Portfolio Recovery Associates, LLC*, No. 14-CV-03486-LHK ("*Meza*"), and the case was reassigned accordingly to the undersigned judge. ECF No. 20.

Plaintiff purports to represent a class of "(i) all persons residing in California, (ii) who were served by Defendants with a Declaration in Lieu of Personal Testimony at Trial, pursuant to California Code of Civil Procedure § 98, (iii) where the declarant was located more than 150 miles from the courthouse where the collection lawsuit was pending, (iv) in an attempt to collect an alleged debt originally owed to GE Capital Retail Bank/General Electric Capital Corp/Care Credit (v) regarding a debt incurred for personal, family, or household purposes, (vi) during the period beginning one year prior to the date of filing this matter through the date of class certification." Compl. ¶ 31. The Complaint alleges that Defendants violated the FDCPA by using declarations in lieu of personal testimony at trial, pursuant to Cal. Civ. Proc. Code § 98, where the declarant[1] was

---

[1] The text of Cal. Civ. Proc. Code § 98 uses the term "affiant," but the Complaint and California court decisions discussing the statute use the terms "affiant" and "declarant" interchangeably. *See, e.g.*, Compl.; *Target Nat'l Bank v. Rocha*, 216 Cal. App. 4th Supp. 1, 5-6 (Cal. App. Dep't Super. Ct. 2013). Throughout this order, the Court likewise uses the terms "affiant" and "declarant"

3
Case No. 15-CV-03837-LHK
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

physically located more than 150 miles from the place of trial. *Id.* ¶¶ 45-55. Defendants filed an Answer to the Complaint on November 18, 2015. ECF No. 22.

On March 21, 2016, Defendants filed the instant motion for summary judgment. ECF No. 42 ("Mot."). Plaintiff filed a response on April 4, 2016, ECF No. 43 ("Opp."), and Defendants filed a reply on April 11, 2016, ECF No. 44 ("Reply").

## II. LEGAL STANDARD

Summary judgment is appropriate if, viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmoving party, there are no genuine disputed issues of material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law," and a dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable trier of fact to decide in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "If the evidence is merely colorable, or is not significantly probative," the court may grant summary judgment. *Id.* at 249-50 (citation omitted). At the summary judgment stage, the Court "does not assess credibility or weigh the evidence, but simply determines whether there is a genuine factual issue for trial." *House v. Bell*, 547 U.S. 518, 559-60 (2006).

When, as here, there are no disputes of material fact, the Court "shall grant summary judgment if . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## III. DISCUSSION

### A. The FDCPA

"Congress enacted the FDCPA to protect consumers from 'improper conduct' and illegitimate collection practices without imposing unnecessary restrictions on ethical debt collectors." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1169-70 (9th Cir. 2006). "In order to state a claim under the FDCPA, a plaintiff must show: 1) that he is a

---

interchangeably.

consumer; 2) that the debt arises out of a transaction entered into for personal purposes; 3) that the defendant is a debt collector; and 4) that the defendant violated one of the provisions of the FDCPA." *Freeman v. ABC Legal Servs. Inc.*, 827 F. Supp. 2d 1065, 1071 (N.D. Cal. 2011). Defendants' motion for summary judgment challenges only the fourth prong of this analysis and argues that Plaintiff cannot show that Defendants violated any provision of the FDCPA. ECF No. 41.

Plaintiff alleges that Defendants violated Sections 1692e, 1692e(5), 1692e(10), and 1692f of the FDCPA. *See* Compl. ¶ 53. Section 1692e states in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> . . .
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
> . . .
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e. Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." *Id.* § 1692f.

In the Ninth Circuit, the "least sophisticated debtor" standard is used to assess alleged FDCPA violations. *Wade v. Regional Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir. 1996). A communication from a debt collector violates the FDCPA if it is "likely to deceive or mislead a hypothetical 'least sophisticated debtor.'" *Id.* "Although this standard is objective, the standard is lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Swanson v. S. Or. Credit Serv., Inc.*, 869 F.2d 1222, 1227 (9th Cir. 1988). Nevertheless, "false but non-material representations are not likely to mislead the least sophisticated consumer and therefore are not actionable under §§ 1692e or 1692f." *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010). Determining whether a debt collector has violated the FDCPA under the "least sophisticated debtor" standard is an issue of law. *See Gonzales v. Arrow Fin. Serv., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011).

The only statement in the Marin Declaration that Plaintiff alleges is false, deceptive,

1  misleading, or unfair is the statement that "[p]ursuant to CCP § 98 this affiant is available for

2  service of process: c/o Hunt & Henriques, 151 Bernal Road, Suite 8, San Jose, CA 95119 for a

3  reasonable period of time, during the twenty days immediately prior to trial." *See* Compl. ¶ 53;

4  Opp. at 19-20.  Plaintiff argues that this statement misrepresented that the Marin Declaration

5  complied with Cal. Civ. Proc. Code § 98 because Marin was not personally available for service of

6  process at the provided address.  Opp. at 19.  Thus, Plaintiff claims that the Marin Declaration was

7  invalid under California law.  *Id.*  Plaintiff argues that the Marin Declaration misrepresented that it

8  would be admissible evidence at trial, and that this misrepresentation was material.  *Id.* at 19-21.

9  Defendants argue that the Marin Declaration was not false, deceptive, misleading, or unfair

10 because it was valid under Cal. Civ. Proc. Code § 98.  Mot.  Defendants further argue that even if

11 the Marin Declaration was invalid under California law, the error was not a material

12 misrepresentation and that Defendants qualify for the bona fide error defense to FDCPA

13 violations.  *Id.*

### B. California Civil Procedure Code § 98

Determining whether the Marin Declaration was valid under California law requires the Court to interpret Cal. Civ. Proc. Code § 98.  Specifically, the Court must determine whether Section 98 permits a declarant to provide an address within 150 miles of the place of trial where the declarant is available for service of process but where the declarant is not physically present for personal service.

#### 1. California Principles of Statutory Construction

As the California Supreme Court has not addressed this question, this Court must "predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance." *Walker v. City of Lakewood*, 272 F.3d 1114, 1125 (9th Cir. 2001).  This Court interprets California statutes in accordance with California principles of statutory construction.  *Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1126 (9th Cir. 2005).  In interpreting California law, the Court must "ascertain the intent of the Legislature so as to effectuate the purpose of the law." *State*

*Farm Mut. Auto. Ins. Co. v. Garamendi*, 32 Cal. 4th 1029, 1043 (2004). "In determining such intent, a court must look first to the words of the statute themselves, giving to the language its usual, ordinary import and according significance, if possible, to every word, phrase and sentence in pursuance of the legislative purpose." *Id.* "It is axiomatic that in the interpretation of a statute where the language is clear, its plain meaning should be followed." *Sec. Pac. Nat'l Bank v. Wozab*, 51 Cal. 3d 991, 998 (1990). At the same time, the Court must "read every statute with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness." *State Farm*, 32 Cal. 4th at 1043.

"A statute is regarded as ambiguous if it is capable of two constructions, both of which are reasonable." *Hughes v. Bd. of Architectural Examiners*, 17 Cal. 4th 763, 776 (1998). If the plain language of the law is ambiguous, California courts "typically consider evidence of the Legislature's intent beyond the words of the statute." *Id.* "The court may examine a variety of extrinsic aids, including the statutory scheme of which the provision is a part, the history and background of the statute, the apparent purpose, and any considerations of constitutionality, in an attempt to ascertain the most reasonable interpretation of the measure." *Id.* Prior versions of a bill are among the forms of legislative history that the Court may consider. *See Quintano v. Mercury Cas. Co.*, 11 Cal. 4th 1049, 1062 n.5 (1995); *see also Kaufman & Broad Cmtys., Inc. v. Performance Plastering, Inc.*, 133 Cal. App. 4th 26, 31 (2005). "The rejection by the Legislature of a specific provision contained in an act as originally introduced is most persuasive to the conclusion that the act should not be construed to include the omitted provision." *People v. Soto*, 51 Cal. 4th 229, 245 (2011). Consequently, the Court cannot interpret a statute "to reinsert what the Legislature intentionally removed." *Id.*

Bearing in mind these principles of California statutory interpretation, the Court turns now to interpret Section 98 in light of its plain meaning, its legislative history, and the rulings of intermediate courts in California.

### 2. The Plain Meaning of Section 98

The Court begins its interpretation of Cal. Civ. Proc. Code § 98 by analyzing the plain

meaning of the statute.  Section 98 provides in relevant part that a declaration may be admitted as evidence at trial in lieu of personal testimony if "[a] copy [of the declaration] has been served on the party against whom it is offered at least 30 days prior to the trial, together with a current address of the affiant that is within 150 miles of the place of trial, and the affiant is available for service of process at that place for a reasonable period of time, during the 20 days immediately prior to trial."  At issue is whether section 98 is satisfied if the declaration provides an address within 150 miles of the place of trial where the affiant may be served with process but where the affiant is not physically located.  *See* Compl.; Mot.; Opp.

Plaintiff argues that the requirement that the affiant provide "a current address of the affiant" means the address must be one where the affiant is physically located.  Opp. at 6-8. However, the language of the statute includes no such requirement nor any requirement that the address be a residential or office address, as opposed to a mailing address or other address where the affiant may be served, regardless of whether the affiant is physically located there. Additionally, the plain meaning of "a current address"—as opposed to "the current address"— indicates that the affiant may have more than one address that would satisfy Section 98.  So long as the given address is one at which the affiant may be served with process and is within 150 miles of the place of trial, nothing in the plain meaning of Section 98 limits the affiant's selection among the affiant's various addresses.

The appropriateness of an affiant's use of a service address at which the affiant is not physically present is supported by the fact that Section 98 requires an address where "the affiant is available for service of process."  In California, service of process may be effected by means other than personal delivery, including by sending the documents to the mailing address of the person to be served or by delivering the documents to a person authorized to receive service of process on another's behalf.  *See, e.g.*, Cal. Civ. Proc. Code §§ 415.20, 415.30, 416.90, 684.120. Additionally, the California rules regarding service of a summons specifically contemplate delivering the documents to a mailing address as a method of service "if no physical address is known."  Cal. Civ. Proc. Code § 415.20.  These forms of service of process require an address for

the affiant, but not necessarily the address of the affiant's physical location. Thus, a mailing address or other address where the affiant is authorized to be served under California law would be a current address for the affiant at which the affiant is available for service of process, satisfying the literal requirements of Section 98.

Plaintiff urges the Court to interpret Section 98's requirement that the affiant be "available for service of process" at the stated address for 20 days prior to trial to require specifically that the affiant be available physically for service of a subpoena at the stated address. Opp. at 8-10 According to Plaintiff, Section 98 must contemplate service of a Civil Subpoena for Personal Appearance at Trial or Hearing[2] because no other document may be served on a witness within 20 days of trial. *Id.* In California, subpoenas may be served only personally. *See* Cal. Civ. Proc. Code § 1987(a). However, the statute does not say that the declarant must be available for service of a subpoena at the provided address. Section 98 provides that the declarant must be "available for service of process." Thus, the plain meaning of the statute does not require that the declarant be available for personal service of a subpoena.

Furthermore, a subpoena is not the only document that may be served on a witness within 20 days of trial. For certain witnesses, California permits service of a "written notice requesting the witness to attend before a court, or at a trial of an issue therein" so long as the notice is served "at least 10 days before the time required for attendance unless the court prescribes a shorter time." Cal. Civ. Proc. Code § 1987(b). These written notices need not be served personally on the witness, but may instead be served "upon the attorney of that party or person." *Id.* Indeed, Plaintiff acknowledges these written notices may be served upon certain witnesses within 20 days

---

[2] Plaintiff has filed an unopposed request for judicial notice of Judicial Council of California, Form SUBP-001, revised January 1, 2007, and Judicial Council of California, Form SUBP-015, Revised January 1, 2009. ECF No. 43-1. The Court may take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Because both forms may be found on the website for the California courts, the Court GRANTS Plaintiff's request for judicial notice. *See Eidson v. Medtronic, Inc.*, 981 F. Supp. 2d 868, 879 (N.D. Cal. 2013) (public records and government documents drawn from reliable sources on the Internet may be judicially noticed).

9
Case No. 15-CV-03837-LHK
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

of trial. *See* Mot. at 9-10.[3] Therefore, because a subpoena is not the only document that may be served within 20 days of trial, the restriction that the declarant be available for service of process "during the 20 days immediately prior to trial" does not require that the declarant be available for service of only a subpoena.[4]

The Court finds that the plain language of Section 98 supports the finding that the statute does not require the affiant to be physically present at the address provided on the declaration. *See Meza v. Portfolio Recovery Assocs., LLC*, 125 F. Supp. 3d 994, 1002 (N.D. Cal. 2015)

### 3. The Legislative History of Section 98

To the extent that Section 98 is ambiguous with regard to whether the declarant must be physically present at the address listed on the declaration during the 20 days prior to trial, the Court turns to the legislative history of Section 98.

The use of witness declarations in lieu of personal testimony at trial was proposed as part of the Economical Litigation Project, which aimed to decrease "the cost of litigating cases of smaller dollar value." Hon. Richard Schauer, Economical Litigation Review Committee, The Economical Litigation Project 4 (Apr. 20, 1982).[5] As initially proposed, Section 98 would have

---

[3] Instead of contesting whether Section 98 may apply to witnesses covered by Section 1987(b), Plaintiff argues only that Marin is not the type of witness eligible for a written notice pursuant to Section 1987(b). Opp. at 9-10. However, this argument is inapposite because the applicability of Section 1987(b) to Marin in the instant case does not alter the Court's analysis of the plain meaning of Section 98.

[4] Additionally, the Court notes that Marin had authorized H&H to accept service on her behalf, *see* Compl., Ex. 1, and that as a result, had Plaintiff served H&H, the service would have been binding upon Marin. *See Tresway Aero, Inc. v. Superior Court*, 5 Cal. 3d 431, 441-42 (1971) (holding that a defendant was estopped from asserting improper service where the defendant's conduct caused the allegedly improper service).

[5] Defendants have filed an unopposed request for judicial notice of 5 documents: (1) Hon. Richard Schauer, Economical Litigation Review Committee, The Economical Litigation Project 4 (Apr. 20, 1982); (2) Assem. B. 3170, 1981-1982, Reg. Sess. (Cal. 1982) (as introduced by Assemblywoman Maxine Waters, Mar. 10, 1982); (3) Assem. B. 3170, 1981-1982, Reg. Sess. (Cal. 1982) (as amended, Apr. 21, 1982); (4) Sen. B. 1820, 1981-1982, Reg. Sess. (Cal. 1982) (as amended June 18, 1982 and Aug. 24, 1982); and (5) 5 Bion M. Gregory, Statutes of California and Digests of Measures 6229 (1982). ECF No. 42-6. The Court may take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Matters that are appropriate subjects of judicial notice include the legislative history of state statutes. *See Loan Payment Admin. LLC v. Hubanks*, No. 14-4420, 2015 WL 1245895, at *6 (N.D. Cal. Mar. 17, 2015). The documents that are the subject of Defendants' request all pertain to the legislative history of Cal. Civ. Proc. Code § 98 and thus are

permitted the use of an affidavit in lieu of personal testimony at trial if "[a] copy [of the declaration], together with the current address of the affiant, has been received by the party against whom it is offered at least 15 days prior to the trial, and the affiant is subject to subpena [sic] for the trial." Assem. B. 3170, 1981-1982, Reg. Sess. (Cal. 1982) (as introduced by Assemblywoman Maxine Waters, Mar. 10, 1982).

In the first amendment to the Assembly Bill, Section 98 was revised to remove the requirement that the affiant be subject to subpoena. Assem. B. 3170, 1981-1982, Reg. Sess. (Cal. 1982) (as amended, Apr. 21, 1982). None of the subsequent revisions to the Assembly Bill reintroduced the subpoena requirement. *See* Sen. B. 1820, 1981-1982, Reg. Sess. (Cal. 1982) (as amended June 18, 1982 and Aug. 24, 1982); 5 Bion M. Gregory, Statutes of California and Digests of Measures 6229 (1982).

As originally passed in 1982, Section 98 provided in relevant part that a declaration in lieu of personal testimony would be accepted provided that "[a] copy, together with the current address of the affiant, has been served on the party against whom it is offered at least 30 days prior to the trial, and the affiant is available for service of process at a place designated by the proponent, within 150 miles of the place of trial, at least 20 days prior to trial." Cal. Civ. Proc. Code § 98(a) (1982). In 1983, Section 98(a) was amended to its present version. Cal. Civ. Proc. Code § 98 (1983). The parties have not argued that the changes in 1983 were material. *See* Mot.; Opp.

Under California rules of statutory interpretation, this Court cannot interpret a statute "to reinsert what the Legislature intentionally removed." *Soto*, 51 Cal. 4th at 245. Here, the Legislature explicitly considered requiring that an affiant under Section 98 be subject to subpoena, but the Legislature then removed any reference to a subpoena. *See* Assem. B. 3170, 1981-1982, Reg. Sess. (Cal. 1982) (as amended, Apr. 21, 1982). Consequently, the Court cannot adopt an interpretation of Section 98 that would require the declarant to be subject to subpoena. *See Soto*, 51 Cal. 4th at 245. Therefore, the requirement that the declarant be "available for service of

---

appropriate subjects of judicial notice. Accordingly, Defendants' request for judicial notice is GRANTED.

process" cannot be read to mean that the declarant be available for service of a subpoena. As a result, "available for service of process" does not require the declarant to be physically located at the provided address because service of process outside of the context of a subpoena does not require personal delivery to the person to be served. *See* Cal. Civ. Proc. Code §§ 415.20, 415.30, 416.90, 684.120, 1987(b).

Plaintiff points out that, in the two years prior to the enactment of Section 98, the California Legislature twice amended Cal. Civ. Proc. Code § 1989 such that parties could now subpoena witnesses who reside anywhere in California instead of only those witnesses who reside within 150 miles of the place of trial. *See* Opp. at 13-14. Based on this, Plaintiff argues that Section 98 must limit the use of declarations in lieu of personal testimony to those witnesses residing within 150 miles of the courthouse. *Id.* However, the amendments to Section 1989 were not undertaken as part of the same bill that created Section 98, *see* Assem. B. 3170, 1981-1982, Reg. Sess. (Cal. 1982) (as introduced by Assemblywoman Maxine Waters, Mar. 10, 1982), and Plaintiff does not cite to anything in Section 98's legislative history indicating a connection to the amendments to Section 1989, *see* Opp.

Plaintiff further contends that "[i]t is unlikely that the Legislature intended to tip the 'cost saving' balance in favor of distant affiants" but instead intended to permit only those affiants who live within 150 miles of the place of trial to file declarations pursuant to Section 98. Opp. at 14. This argument is undermined by the purpose of Section 98. The aim of the Economical Litigation Project was to identify procedures "most effective in decreasing the cost of litigating cases of smaller dollar value." Hon. Richard Schauer, Economical Litigation Review Committee, The Economical Litigation Project 4 (Apr. 20, 1982). Witnesses located further from the trial would incur greater costs to testify at trial than witnesses located nearby, so cost savings from permitting witness declarations in lieu of testimony at trial would be greater for witnesses located further than 150 miles from the place of trial rather than for those located within 150 miles of the courthouse. Thus, the cost saving purpose of the statute would be better served by permitting witnesses located more than 150 miles from the place of trial to submit declarations in lieu of testimony at trial. *See*

12

1  *State Farm*, 32 Cal. 4th at 1043 (courts interpreting California statutes must "ascertain the intent of the Legislature so as to effectuate the purpose of the law"); *Hughes*, 17 Cal. 4th at 776 (courts may consider the background of the statute "in an attempt to ascertain the most reasonable interpretation of the measure").

Therefore, the legislative history of Section 98 supports finding that Section 98 does not require the declarant to be physically located within 150 miles of the place of trial. *See Meza*, 125 F. Supp. 3d at 1004.

### 4. The *Rodgers* and *Rocha* Decisions

Finally, the Court discusses the *Rodgers* and *Rocha* decisions from the Appellate Divisions of the California Superior Courts in Ventura County and Santa Clara County, respectively. *See CACH LLC v. Rodgers*, 229 Cal. App. 4th Supp. 1 (Cal. App. Dep't Super. Ct. 2014); *Target Nat'l Bank v. Rocha*, 216 Cal. App. 4th Supp. 1 (Cal. App. Dep't Super. Ct. 2013).

Both *Rodgers* and *Rocha* concluded that the Section 98 declarations that were the subject of the appeals were invalid because the declarants were not personally available for service of a subpoena at the addresses provided. *Rodgers*, 229 Cal. App. 4th Supp. at 6-7; *Rocha*, 216 Cal. App. 4th Supp. at 9. In *Rocha*, the court concluded that the requirements of Section 98(a) were designed to ensure that the declarant could be made available for trial, and that the only means of making the witness in *Rocha* available for trial would have been a subpoena. *Rocha*, 216 Cal. App. 4th Supp. at 7-9. The court further reasoned that the 150 mile limitation was designed to cap the amount that the party serving the subpoena would be required to pay in travel fees to the witness. *See id.*; Cal. Civ. Proc. Code § 1987(a). *Rocha* recognized the fact that an earlier draft of the statute had expressly required the declarant to be available for subpoena, but *Rocha* nevertheless ultimately read Section 98 to require the affiant to be available for service of a subpoena. *See Rocha*, 216 Cal. App. 4th Supp. at 7-9.

In *Rodgers*, the court considered the reasoning in *Rocha* and found it persuasive. *Rodgers*, 229 Cal. App. 4th Supp. at 6. The court in *Rodgers* noted that "requiring personal service, or having a local declarant literally available for service within 150 miles, is unwieldy in cases of this

13
Case No. 15-CV-03837-LHK
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

nature," but nevertheless concluded that "in a contested matter, where the litigant has made efforts to effectuate service, the right of cross-examination at trial should prevail over the convenience of the litigants and the witnesses." *Id.* at 7. The court therefore concluded that an affiant who could not be personally served at the provided address was not "available for service of process" under Section 98. *Id.*

Plaintiff asks this Court to follow the holdings of *Rodgers* and *Rocha* and find that Section 98 requires the declarant to provide an address at which the declarant is physically located. *See* Opp. This Court's task in interpreting Section 98, however, is to assess how the California Supreme Court would interpret Section 98, even if lower courts have already considered the issue. *See Walker*, 272 F.3d at 1125. Decisions of the Superior Court Appellate Divisions are just one of the sources of upon which this Court relies to determine how the California Supreme Court would interpret the statute, along with the statute's plain meaning and its legislative history, among others. *See id.*

Moreover, the California Supreme Court has held that decisions of the Appellate Divisions of the Superior Courts in particular are "of debatable strength as precedents." *Suastez v. Plastic Dress-Up Co.*, 31 Cal. 3d 774, 782 n.9 (1982); *see also* 9 Witkin, Cal. Proc. (5th ed. 2008) Appeal, § 503(1). Although these decisions have persuasive value, decisions of the Appellate Divisions of the Superior Courts are not binding on either the California Courts of Appeal or the California Supreme Court, nor are they binding upon the Superior Courts of other counties. *See* 9 Witkin, Cal. Proc. (5th ed. 2008) Appeal, § 503; *Suastez*, 31 Cal. 3d at 782 n.9; *Carter v. Cohen*, 188 Cal. App. 4th 1038, 1049 (Cal. Ct. App. 2010); *People v. Corners*, 176 Cal. App. 3d 139, 146 (Cal. Ct. App. 1985). Indeed, the court in *Rodgers* acknowledged the non-binding nature of both *Rocha* and *Rodgers* and observed that, accordingly, the court's decision in *Rodgers* "need have no lasting precedent on any future decisions by other jurisdictions". *Rodgers*, 229 Cal. App. 4th Supp. at 5.

In this case, the Court does not find *Rodgers* and *Rocha* persuasive. Because *Rodgers* and *Rocha* require the declarant to be physically located at the address provided in the Section 98

14

declaration, the holdings of *Rodgers* and *Rocha* are at odds with both the plain meaning of Section 98 and its legislative history. *See supra*. In particular, *Rocha* acknowledged that the Legislature amended the bill adopting Section 98 to remove any reference to subpoenas, but *Rocha* nevertheless read Section 98 to require the affiant to be available for service of a subpoena. *See Rocha*, 216 Cal. App. 4th Supp. at 7-9. This is contrary to the California principle of statutory interpretation that courts should not interpret a statute "to reinsert what the Legislature intentionally removed." *See Soto*, 51 Cal. 4th at 245. Because the California Supreme Court would interpret Section 98 consistent with its plain meaning and legislative history, *see State Farm*, 32 Cal. 4th at 1043; *Hughes*, 17 Cal. 4th at 776, this Court finds that the California Supreme Court would not follow the holdings of *Rodgers* and *Rocha* requiring declarants to be physically located at the provided address in order to comply with Section 98.

Furthermore, the Court notes that other Appellate Divisions of Superior Courts in California (including in Santa Clara County, which issued the *Rocha* decision) have not followed the reasoning of *Rodgers* and *Rocha*, but instead have upheld the use of Section 98 declarations in which the declarant is not physically present at the provided address. In *Midland Funding LLC v. Alderson*, the Appellate Division of the Superior Court in Sonoma County explicitly rejected *Rocha* and held that Section 98 declarants do not need to be physically located at the provided address. *Midland Funding LLC v. Alderson*, No. MCV 224411, at *2 (Cal. App. Dep't Super. Ct. Dec. 2, 2013) (unpublished). Prior to *Rocha,* in *Citibank v. Bardin*, the Appellate Division of the Superior Court in Los Angeles County rejected the argument that Section 98 requires the declarant to be physically present at the provided address and upheld the use of a Section 98 declaration in which the provided address was a post office box. *Citibank v. Bardin*, No. BV 028877, at *3-4 (Cal. App. Dep't Super. Ct. Dec. 8, 2011) (unpublished). In *Parks v. Capital One Bank*, the Appellate Division of the Superior Court of Santa Clara County, the same court that issued the *Rocha* decision three years later, rejected Parks's argument that a Section 98 declaration was invalid because the declarant was not physically present at the address provided and affirmed the trial court's admission of the Section 98 declaration. *Parks v. Capital One Bank (U.S.A.), N.A.*,

No. 1-09-AP-000750 (Cal. App. Dep't Super. Ct. Mar. 8, 2010) (unpublished); *see also* Appellant's Reply Br.*, Parks v. Capital One Bank*, No. 1-09-AP-000750, at 5-7. Although unpublished decisions of the Appellate Divisions of the Superior Courts are not precedential under California Rule of Court 977(a), this Court may rely on these unpublished opinions to assess whether *Rodgers* and *Rocha* "accurately represent[] California law." *See Beeman v. Anthem Prescription Mgmt., LLC*, 689 F.3d 1002, 1008 n.2 (9th Cir. 2012); *see also Emp'rs Ins. of Wausau v. Granite State Ins. Co.*, 330 F.3d 1214, 1220 n.8 (9th Cir. 2003) ("[W]e may consider unpublished state decisions, even though such opinions have no precedential value."). Given the fact that other California courts, including the same court that issued the *Rocha* decision, have reached the opposite conclusion as *Rodgers* and *Rocha*, the Court concludes that *Rodgers* and *Rocha* do not "accurately represent[] California law." *See Beeman*, 689 F.3d at 1008 n.2.

Even *Rodgers*, which followed *Rocha* to conclude that the declaration in question was invalid because the declarant was not available for service of a subpoena at the stated address, does not fully endorse *Rocha*'s holding. *See Rodgers*, 229 Cal. App. 4th Supp. at 6-7. Rather than hold that Section 98 declarants must always provide an address at which they are physically located, *Rodgers* instead limited its ruling by emphasizing that its ruling dealt specifically with "a contested matter, where the litigant has made efforts to effectuate service," but where "attempts by [the litigant] to secure his [the Section 98 declarant] attendance at trial were refused." *Id.*

Because the Court concludes that *Rodgers* and *Rocha* are not persuasive, the Court finds that the Marin Declaration was a valid Section 98 declaration. Consequently, the Marin Declaration does not contain any misrepresentation, and Defendants did not violate the FDCPA by using the Marin Declaration. The Court therefore finds that Defendants are entitled to judgment as a matter of law.

**IV. CONCLUSION**

For the foregoing reasons, the Court finds that Defendants' use of the Marin Declaration did not violate the FDCPA. As there are no disputed facts, and Defendants are entitled to judgment as a matter of law, the Court GRANTS Defendants' motion for summary judgment.

The Clerk shall enter judgment in favor of Defendants and close the case file.

**IT IS SO ORDERED.**

Dated: June 7, 2016

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

17
Case No. 15-CV-03837-LHK
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT